Jeremy S. Golden (SBN 228007)
LAW OFFICES OF ERIC F. FAGAN
2300 Boswell Rd., Suite 211
Chula Vista, CA 91914
jeremy@efaganlaw.com
Phone: 619-656-6656; Fax: 775-898-5471
Attorney for Plaintiff Kimberly A. Schneider

FILED
07 NOV -1 AM 11: 36
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY A. SCHNEIDER, an individual;<br><br>Plaintiff,<br>v.<br><br>LEWIS, MILLER & COMPANY, INC. a corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | Civil Case No.: 07 CV 2095 IEG JMA<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ( "Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

//
//

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here.

## III. PARTIES

3. Plaintiff KIMBERLY A. SCHNEIDER is a natural person residing in California.

4. Defendant LEWIS, MILLER & COMPANY, INC. ("LMCI") is a corporation doing the business of collecting debts in California, operating from an address at 1860 Howe Ave. Suite 240, Sacramento, CA 95825.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another.

6. Defendants are debt collectors as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

7. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.

8. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

9. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

10. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

11. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

12. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

13. On August 31, 2006 Eric G. Philips, Plaintiff's then-fiancé, obtained a loan to purchase a car from Mercedes Benz of El Dorado. Plaintiff was not a party to the purchase of the vehicle.

14. Mr. Philips used checks from Plaintiff's bank account to pay on the car loan; each time he used Plaintiff's checks, Mr. Philips signed in his own name.

15. Plaintiff never signed any check made out to Mercedes Benz of El Dorado, never signed any contract with Mercedes Benz of El Dorado, and never agreed to become obligated for Mr. Philips' loan.

16. At some time unknown to Plaintiff, Mr. Philips defaulted on his obligation to Mercedes Benz of El Dorado.

17. Mr. Philips and Plaintiff's engagement ultimately fell apart; Plaintiff had exhausted her retirement benefits, stock and home equity attempting to cover debts that Mr. Philips had incurred.

18. On March 29, 2007 Mercedes-Benz of El Dorado sent a letter to Mr. Phillips demanding payment of $6,050.00; Plaintiff does not know whether Mr. Philips responded to this demand.

19. At some point in or around March 2007, Mercedes-Benz of El Dorado assigned the debt of Mr. Philips to LMCI for collection.

20. In or around March 2007, Don Jackson, an employee of LMCI, called Plaintiff and left a message that did not disclose that he was a debt collector attempting to collect a

1  debt.

2  21.  Plaintiff returned the phone call. LMCI demanded payment from Plaintiff for Mr. Philips' debt; Plaintiff informed LMCI that neither the debt nor the car were hers and gave LMCI the last known address of Mr. Philips.

22.  LMCI falsely stated that the debt was hers merely because her name was imprinted on the check.

23.  Plaintiff thereafter wrote to LMCI disputing the debt; she explained that neither the debt nor the car were hers.

24.  LMCI sent a letter dated September 21, 2007 to Plaintiff and that letter is attached as Exhibit 1.

25.  The letter demanded payment of $6,838.82 within 7 days and implied that it would otherwise file suit.

26.  In that same letter LMCI falsely stated that, "since your name is printed on the check in question and Eric Phillips name is just written in, this debt is now placed in your name. We are aware that he signed the check but that does not absolve you."

27.  In the letter LMCI falsely stated that, "All we have is a check with your name printed on the check and that means you were a party to the purchase of the vehicle and that makes you liable for this debt."

28.  LMCI finished the letter by falsely stating, "You have left Lewis Miller & Company no choice but to take the money from you. You will be responsible for any and all legal fees that are incurred in Superior Court. You have 7 days to have a cashier check in the amount of $6,838.82 payable to Lewis Miller & Company to our office."

29.  Plaintiff panicked when she read that Lewis Miller & Company was going to take the money from her.

30.  As a result of the acts alleged above, Plaintiff suffered severe emotional distress, including but not limited to, nausea, tension, headaches, nervousness, fear, sleeplessness, nightmares, crying jags, loss of appetite, loss of enjoyment of life, shortness of breath, an angina episode, humiliation, and elevated blood pressure.

31. Plaintiff visited two doctors who prescribed an increase in her medication and placed her on stress leave from her job.

## V. FIRST CLAIM FOR RELIEF

### (As against all Defendants for Violation of the FDCPA)

32. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

33. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

    (b) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

    (c) The Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of a debt;

    (d) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that Defendant did not intend to take;

    (e) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

    (f) The Defendants violated 15 U.S.C. § 1692e(11) by failing to provide the required notices under this section;

    (g) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

    (h) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law;

(i) The Defendants violated 15 U.S.C. § 1692g by failing to provide the proper disclosures.

34. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF
**(Against all Defendants for Violation of the Rosenthal Act)**

35. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

36. Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a) The Defendants violated California Civil Code §1788.13(e) by falsely representing that the Plaintiff's debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges;

(b) The Defendants violated California Civil Code §1788.13(j) by falsely representing that a legal proceeding was about to be instituted unless payment of a consumer debt is made;

(c) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

37. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

39. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    (a)   Actual damages;

    (b)   Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a).

    (c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c)

    (d)   For such other and further relief as the Court may deem just and proper.

Dated 10/29/2007

_____
Jeremy S. Golden, Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated 10/29/2007

_____
Jeremy S. Golden, Attorney for Plaintiff

# LEWIS, MILLER & COMPANY, INC.
PO Box 15205
Telephone (916) 646-8020   SACRAMENTO, CALIFORNIA 95851
FAX (916) 646-8027

Date: September 21, 2007

Kimberly A. Schneider
2102 Esplanade Circle
Folsom, California 95630

## FINAL NOTICE

Client: Mercedes Benz of El Dorado Hills
ACCT # 31-9927 NSF check for down payment on vehicle for Eric Phillips
For a 2002 Mercedes-Benz CL55
Principal $6,050.00
Interest     788.82
Payoff    $6,838.82 Interest accrues 10% per year

Dear Ms. Schneider:

The above listed matter has been reviewed by our company and its attorneys and since your name is printed on the check in question and Eric Phillips name is just written in, this debt is now placed in your name. We are aware that he signed the checks but that does not absolve you.

In your letter to us you did not provide any proof that you did not know of this purchase all along. Your comments are only your say so with nothing to back your statements up. All we have is a check with your name printed on the check and that means you were a party to the purchase of the vehicle and that makes you liable for this debt.

You have left Lewis Miller & Company no choice but to take action to take the money from you. You will be responsible for any and all legal fees that are incurred in Superior Court. You have 7 days to have a cashier check in the amount of $6,838.82 payable to Lewis Miller & Company to our office.

Sincerely,

Don Jackson 916-646-8020 ext 103
Lewis Miller & Company

This is an attempt to collect a debt and any information obtained will be used for that purpose.

**EXHIBIT A**

⍟JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KIMBERLY A. SCHNEIDER, an individual;

**DEFENDANTS**
LEWIS MILLER & COMPANY, INC. a corporation; and DOES 1 through 10 inclusive,

FILED
07 NOV -1  AM 11: 35
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

(b) County of Residence of First Listed Plaintiff **Arizona**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF ERIC F. FAGAN 2300 Boswell Rd., Suite 211 Chula Vista, CA 91914 Phone: 619-656-6656; Fax: 775-898-5471

Attorneys (If Known)

'07 CV 2095 IEG JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692 Various violations of the Fair Debt Collections Practices Act.
Brief description of cause:
Violation of FDCPA and Rosenthal Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 10/24/07
SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**FOR OFFICE USE ONLY**
RECEIPT # 144044  AMOUNT $350  APPLYING IFP _no to IFP_  JUDGE _____  MAG. JUDGE _____
11/1/07

```
      UNITED STATES
      DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA
        SAN DIEGO DIVISION

       # 144044    - KD

     November 01, 2007
          11:30:01

         Civ Fil Non-Pris
  USAO #.: 07CV2095
  Judge..: IRMA E GONZALEZ
  Amount.:
  Check#.: BC 1678      $350.00 CK


       Total-> $350.00


  FROM: CIVIL FILING
        SCHNIDER V. LEWIS, MILLER & CO
```