STEPHEN A. SCOTT (SBN 67467)
CHARLES E. TILLAGE (SBN 177983)
HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
203 Redwood Shores Parkway Suite 408
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant
LEWIS, MILLER & COMPANY, INC.

FILED
07 DEC 21 PM 12: 05
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

BY FAX

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KIMBERLY A. SCHNEIDER, an individual

Plaintiff,

v.

LEWIS, MILLER & COMPANY, INC., a corporation; and DOES 1 through 10, inclusive

Defendant.

CASE NO. 07CV-02095 IEG

LEWIS, MILLER & COMPANY, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

Defendant Lewis, Miller & Company, Inc. ("Defendant") hereby submits the following Answer to plaintiff's Complaint.

## I. INTRODUCTION

1. Answering the allegations of Paragraph 1, this answering defendant admits that plaintiff purports to seek redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788, et seq., as alleged in ¶ 1 of the Complaint, but denies violating the FDCPA or RFDCPA and denies any liability or wrongdoing under the law.

## II. JURISDICTION AND VENUE

2. Answering the allegations of Paragraph 2, this answering defendant admits this Court has jurisdiction over a FDCPA claim pursuant to 28 U.S.C. § 1331, and that the Court may, in its discretion, exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over a RFDCPA

1  RFDCPA (Civil Code section 1788.2(h)), and on that basis denies this averment.

12. Answering the allegations of Paragraph 12, this answering defendant is without knowledge or information sufficient to form a belief as to whether the debt is a consumer debt as defined by RFDCPA (Civil Code section 1788.2(f)), and on that basis denies this averment.

## IV. FACTUAL ALLEGATIONS

13. Answering the allegations of Paragraph 13, this answering defendant admits that on August 31, 2006, Eric G. Philips obtained a loan to purchase a car from Mercedes Benz of El Dorado. Except as specifically admitted, defendant lacks sufficient information to answer the remaining allegations contained in ¶ 13, and based thereon denies the same.

14. Answering the allegations of Paragraph 14, this answering defendant admits that checks from plaintiff's account were used to make payments. Except as specifically admitted, defendant lacks sufficient information to answer the remaining allegations contained in ¶ 14, and based thereon denies the same.

15. Answering the allegations of Paragraph 15, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

16. Answering the allegations of Paragraph 16, this answering defendant admits that Eric Philips defaulted on the car loan. Except as specifically admitted, defendant lacks sufficient information to answer the remaining allegations contained in ¶ 16, and based thereon denies the same.

17. Answering the allegations of Paragraph 17, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

18. Answering the allegations of Paragraph 18, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

19. Answering the allegations of Paragraph 19, this answering defendant admits that the

143194

-3-

ANSWER TO COMPLAINT - CASE NO. 07CV-02095

1  debt was assigned to it for collection. Except as specifically admitted, defendant lacks sufficient
2  information to answer the remaining allegations contained in ¶ 19, and based thereon denies the
3  same.

4      20.    Answering the allegations of Paragraph 20, this answering defendant admits that
5  Don Jackson is an employee for defendant. Except as specifically admitted, defendant lacks
6  sufficient information to answer the remaining allegations contained in ¶ 20, and based thereon
7  denies the same.

8      21.    Answering the allegations of Paragraph 21, this answering defendant admits that
9  plaintiffs telephoned defendant. Except as specifically admitted, defendant lacks sufficient
10 information to answer the remaining allegations contained in ¶ 21, and based thereon denies the
11 same.

12     22.    Answering the allegations of Paragraph 22, this answering defendant denies said
13 allegations.

14     23.    Answering the allegations of Paragraph 23, this answering defendant admits that
15 plaintiff wrote defendant a letter purporting to dispute the debt. Except as specifically admitted,
16 defendant denies the remaining allegations contained in ¶ 23 of the Complaint.

17     24.    Answering the allegations of Paragraph 24, this answering defendant admits that
18 plaintiff purports to attach a copy of a collection letter from defendant as Exhibit 1, and avers the
19 original of such letter is the best evidence of its content. Except as specifically admitted, defendant
20 denies the remaining allegations contained in ¶ 24 of the Complaint.

21     25.    Answering the allegations of Paragraph 25, this answering defendant admits that
22 plaintiff purports to attach a copy of a collection letter from defendant as Exhibit 1, and avers the
23 original of such letter is the best evidence of its content. Except as specifically admitted, defendant
24 denies the remaining allegations contained in ¶ 25 of the Complaint.

25     26.    Answering the allegations of Paragraph 26, this answering defendant admits that
26 plaintiff purports to attach a copy of the quoted letter from defendant as Exhibit 1, and avers the
27 original of such letter is the best evidence of its content. Except as specifically admitted, defendant

denies the remaining allegations contained in ¶ 26 of the Complaint.

27. Answering the allegations of Paragraph 27, this answering defendant admits that plaintiff purports to attach a copy of the quoted letter from defendant as Exhibit 1, and avers the original of such letter is the best evidence of its content. Except as specifically admitted, defendant denies the remaining allegations contained in ¶ 27 of the Complaint.

28. Answering the allegations of Paragraph 28, this answering defendant admits that plaintiff purports to attach a copy of the quoted letter from defendant as Exhibit 1, and avers the original of such letter is the best evidence of its content. Except as specifically admitted, defendant denies the remaining allegations contained in ¶ 28 of the Complaint.

29. Answering the allegations of Paragraph 29, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

30. Answering the allegations of Paragraph 30, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

31. Answering the allegations of Paragraph 31, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

## V. FIRST CLAIM FOR RELIEF

32. Answering the allegations of Paragraph 32, this answering defendant incorporates its responses in the foregoing paragraphs as though fully set forth herein.

33. Answering the allegations of Paragraph 33, and subparts (a), (b), (c), (d), (e), (f) (g), (h) and (i), this answering defendant denies said allegations.

34. Answering the allegations of Paragraph 34, this answering defendant denies said allegations and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

## VI. SECOND CLAIM FOR RELIEF

35. Answering the allegations of Paragraph 35, this answering defendant incorporates its responses in the foregoing paragraphs as though fully set forth herein.

36. Answering the allegations of Paragraph 36, and subparts (a), (b), and (c), this answering defendant denies said allegations.

37. Answering the allegations of Paragraph 37, this answering defendant denies said allegations.

38. Answering the allegations of Paragraph 38, this answering defendant denies said allegations and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

39. Answering the allegations of Paragraph 39, this answering defendant denies said allegations and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

## AFFIRMATIVE DEFENSES

Defendant, in answer to the unverified Complaint of plaintiff herein, herewith denies each and every, all and singular, the allegation of the unverified Complaint, and the defendant denies that plaintiff has been injured or damaged in any of the sums mentioned in the Complaint, or in any sum, or at all as the result of any act or omission of this answering defendant.

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiffs have waived and are estopped and barred from alleging the matters set forth in the Complaint.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the Complaint herein, plaintiffs failed to mitigate the amount of their damages. The damages claimed by plaintiffs could have been mitigated by due diligence on their part or by one acting under similar circumstances.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff acted with full knowledge of all the facts and circumstances surrounding her injury and assumed the risk of the matters causing the injury, and that said matters of which plaintiff assume the risk proximately contributed to and proximately cause her injury, if any.

AS AN FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the injuries allegedly sustained by plaintiff were either wholly of in part caused by plaintiff or persons, firms, corporations or entities other than this answering defendant, and whose acts or omissions are imputed to plaintiff as a matter of law.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges on information and belief that the sole and proximate cause of the circumstances and events complained of by plaintiff in the Complaint was due to the acts or omissions of persons and entities other than this answering defendant.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges on information and belief that plaintiff is barred by virtue of her conduct in causing the damages alleged in the complaint under the Doctrine of Unclean Hands, as well as by the principle of *In Pari Delicto*.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

143194

-7-

ANSWER TO COMPLAINT - CASE NO. 07CV-02095

this answering defendant alleges that plaintiff should be denied recovery under the Complaint, and each cause of action thereof, because plaintiff's conduct, or conduct imputed to plaintiff, was unreasonable.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that all claims for relief in the Complaint are barred by the applicable statute of limitations, including but not limited to those set forth in 15 U.S.C § 1681p.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff was careless and negligent in and about the matters alleged in the Complaint, and that said carelessness and negligence on said plaintiff's own part proximately contributed to the happening of the incident and to their injuries, losses and damages complained of, if any there were; that should plaintiff recover damages, this answering defendant is entitled to have the amount thereof abated, reduced or eliminated to the extent that plaintiff's negligence caused or contributed to their injuries, if any.

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that its conduct was not the cause in fact or the proximate cause of any of the losses alleged by plaintiff.

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges, pursuant to California Civil Code

143194

-8-

§ 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff, through her conduct and/or omissions, was the equitable owner of the vehicle that was the subject of the debt and therefore liable for repayment of the debt.

AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff entered into an implied and/or oral contract to be responsible for the debt and therefore liable for repayment of the debt.

AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff led defendant to believe she was responsible for the debt and defendant reasonable relied on the representations and/or conduct of plaintiff and she is therefore estopped from disclaiming responsibility for the debt.

AS A SEVENTEENTH, SEPEARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THERIN, this answering defendant alleges that it has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. This answering defendant therefore reserves the right to assert additional affirmative defenses in the event further investigation and/or discovery indicate it would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, this answering defendant prays for judgment as follows:

1. That plaintiff takes nothing by his Complaint, and that judgment be rendered in favor of defendant;
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Defendant Lewis, Miller & Company, Inc. hereby demands a trial by jury.

Dated: December 20, 2007

HAYES DAVIS BONINO ELLINGSON
McLAY & SCOTT, LLP

By _____
STEPHEN A. SCOTT
CHARLES E. TILLAGE
Attorneys for Defendant
LEWIS, MILLER & COMPANY, INC.

143194

| | | |
|---|---|---|
| 1 | CASE NAME:<br>ACTION NO.: | Schneider (Kimberly) v. Lewis Miller & Company<br>07 cv 2095IEG-JMA |

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy., Ste. 480, Redwood Shores, California 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as: **LEWIS, MILLER & COMPANY, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

Jeremy S. Golden
LAW OFFICES OF ERIC F. FAGAN
2300 Boswell Road, Suite 211
Chula Vista, CA 91914
Telephone: 619.656.6656
Facsimile: 775.898.5471

Attorney for Plaintiff Kimberly A. Schneider

☒ (Federal) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 21, 2007, at Redwood City, California.

Cynthia Thomas

PROOF OF SERVICE – C05-01689 SBA